# EXHIBIT A

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Mark Young
_____
Plaintiff

vs.

Case Number **2025-CAB-008066**

TEGNA Inc. d/b/a WUSA 9
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney

1120 Connecticut Avenue, NW, Suite Suite 500
_____
Address
Washington, DC 20036
_____

(202) 785-2805
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date **December 10, 2025**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828    ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección                                    Subsecretario

_____

Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

## IN THE SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA
### Civil Division

|  |  |
|---|---|
| **Mark Young**<br>10611 Eastlands Circle<br>Upper Marlboro, MD 20772 | ) <br> ) <br> ) <br> ) <br> ) |
| *Plaintiff,* | **Case No.:** 2025-CAB-008066 |
| v. | **Jury Trial Demand** |
| **TEGNA Inc. d/b/a WUSA 9**<br>8350 Broad Street<br>Tysons, VA 22102 | ) <br> ) <br> ) <br> ) |
| *Defendant.* | ) <br> ) |

## COMPLAINT

Comes now Plaintiff Mark Young (hereinafter "Plaintiff" or "Mr. Young"), by and through undersigned counsel, and hereby files this complaint against Defendant TEGNA Inc. d/b/a WUSA 9 ("Defendant," or "WUSA 9"). Plaintiff seeks relief pursuant to the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. ("DCHRA"), and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 et seq. ("D.C. FMLA"), including but not limited to declaratory, injunctive, and other equitable relief, compensatory damages, and reasonable attorneys' fees and costs, based on Defendant's discriminatory, harassing, and retaliatory conduct.

As a result of Defendant's actions, Plaintiff seeks all available legal and equitable relief, including compensatory damages, back pay, front pay, injunctive relief, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to D.C. Code § 11-921.

1

2.      Venue is proper in this court in that all or some events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia, where Plaintiff was employed by Defendant, and Defendant may be found here.

## PARTIES

3.      Plaintiff Mark Young is an African American male and former Account Executive with WUSA 9.

4.      Defendant TEGNA Inc. is a corporation headquartered in Tysons, Virginia, and at all relevant times operated WUSA 9 in Washington, D.C. Defendant is an employer within the meaning of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 et seq. ("DCHRA") and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 et seq. ("D.C. FMLA").

## FACTS

5.      Plaintiff was employed by Defendant from January 2003 through August 12, 2025, as an Account Executive. His responsibilities included generating advertising revenue for the station; account management and client relations; handling multi-platform marketing campaigns; and prospecting business development.

6.      Over his twenty-two-year career, Plaintiff consistently generated advertising revenue and almost always achieved his budget goals. In recognition of his success, he was awarded the Tegna MVP Award for leading sales across the organization in the fourth quarter of 2020 and the first quarter of 2021.

7.      Plaintiff's position required direct engagement with advertising customers. During the COVID-19 pandemic, Defendant required Plaintiff to take the COVID vaccine in order to retain employment. Plaintiff took the COVID-19 vaccine on October 25, 2021, November 15, 2021, and

the booster on September 26, 2022.

8.     Plaintiff suffered an adverse reaction to the vaccine, and in 2024, Plaintiff experienced serious health issues, including developing severe inflammation, itching, and redness on his scalp and body. This condition led to uncontrollable irritation of his skin, forcing him to engage in near-constant scratching to relieve the pain and itching, which severely impacted his ability to meet clients and perform work responsibilities. These symptoms affected him physically and mentally and impacted his confidence and ability to meet and communicate with clients. Plaintiff's scalp was noticeably flaky and was a darker, sun burnt looking hue. Throughout the day, Plaintiff's clothing would be covered in flakes from his scalp.

9.     By the third quarter of 2024, Plaintiff's performance severely declined for the first time in years. He missed his budget goals in the fourth quarter of 2024. It had been almost eighteen years since Plaintiff had last experienced a significant drop in performance, and this was during his initial years of employment.

10.     Between September 2024 and February 2025, Plaintiff saw several dermatologists who prescribed steroids, antibiotics, and painkillers. These treatments provided only temporary relief, and his condition worsened.

11.     On February 20, 2025, Plaintiff consulted Dr. Lynese Lawson, an integrative medicine specialist, who ordered comprehensive bloodwork. On April 18, 2025, results revealed Plaintiff's SARS-CoV-2 Spike Protein antibody level was 11,052, an extremely high level. Dr. Lawson prescribed Augmented NAC (N-Acetylcysteine), initially at one pill daily and later three pills daily, which slowly improved Plaintiff's condition, but did not completely resolve his symptoms.

12.     Despite his worsening health, Plaintiff continued working. In the first quarter of

2025, he achieved his digital budget but underperformed on his television budget.

13.    On April 2, 2025, Plaintiff informed his direct manager, Ms. Marina Hotkova, in a face-to-face meeting in her office, that he was experiencing medical issues. Plaintiff informed Ms. Hotkova that he was experiencing severe inflammation; due to the Covid vaccine he was required to take to in order to stay employed with Defendant. He also informed Ms. Hotkova that the inflammation began in third quarter 2024, around the same time his performance began to severely erode. Plaintiff shared that due to the severe reactions that he was experiencing, he would be taking medical leave. Due to the immediate discomfort that Plaintiff was in, he asked to be excused from the meeting prior to its conclusion and immediately left the office.

14.    On April 2, 2025, Plaintiff's provider submitted the DC paid family leave, medical leave certification form. The form indicated that Plaintiff suffered from chronic condition, chronic atopic dermatitis, and that he would experience a period of continuous incapacity through June 26, 2025.

15.    On April 3, 2025, Plaintiff called Ms. Hotkova and advised that he would not be able to come to work, due to his medical condition. Plaintiff took short-term medical leave during the second quarter of 2025.

16.    On April 11, 2025, Plaintiff's medical provider provided Aflac, who was Defendant's short term disability insurer, with medical information documenting Plaintiff's medical condition of severe atopic dermatitis. The condition was described as "intense itching; skin peeling; burning and stinging; and open wounds and bleeding from scratching." The form indicated that April 3, 2025, was the advised first day for Plaintiff to stop working and that he would be released for transitional work (part time hours and decreased physical demand) from June 26, 2025, to July 20, 2025. Plaintiff's expected release to full duty work was July 21, 2025.

17.     When Plaintiff returned from short-term medical leave on June 26, 2025, he was placed on a Performance Improvement Plan ("PIP") on June 26, 2025. The PIP noted the following areas of concern: budget attainment (failing to meet sales quotas in TV and/or Digital revenue streams for at least three consecutive quarters, including Q1 2025, Q4 2024, and Q3 2024); lead generation and conversation (insufficient new client activity, acquisition, and/or a poor conversion rate leads to closed sales in both TV and Digital channels); and time management and productivity (failure to efficiently manage time, resulting in a lack of focus on high-priority tasks, missed deadlines, or underperformance in daily sales activities).

18.     On the same day, Plaintiff submitted a counterstatement explaining that his performance decline was tied to his medical condition. Plaintiff's response specifically stated: "From April 3 to June 25, 2025, I was on short term medical leave due to ongoing symptoms stemming from a long-tail reaction to the Covid-19 vaccine, which I was required to take in 2021 to maintain my employment at WUSA. These symptoms began in July 2024 and have had a significant impact on my ability to perform my duties effectively. Specifically, they impaired my capacity to meet revenue budgets, generate and convert leads, and maintain productivity throughout the workday. My decision to take medical leave was based on the severity and persistence of these symptoms."

19.     Less than two months later, before the conclusion of the PIP, on August 12, 2025, Defendant terminated Plaintiff's employment, citing poor performance over three successive quarters.

20.     Defendant falsely claimed Plaintiff had not disclosed his medical condition prior to April 2025, even though he had specifically communicated his health condition to Ms. Hotkova on April 2, 2025, and explained that due to the symptoms of his medical condition it had impacted his performance. Plaintiff also made Ms. Hotkova aware of his medical condition on April 3, 2025.

21. Defendant failed to engage in the interactive process or provide reasonable accommodations for Plaintiff's disability when Defendant was placed on notice of Plaintiff's disabling medical condition.

22. Plaintiff has incurred significant out-of-pocket medical expenses for dermatological treatments and ongoing prescriptions, including Augmented NAC. Plaintiff has also suffered financial loss, emotional distress, reputational harm, and incurred medical expenses as a result of Defendant's unlawful conduct. Plaintiff is a caregiver for his mother and aunt and had to sell rental home to support himself and those he cares for.

### COUNT I
**Violation of District of Columbia Human Rights Act
("DCHRA"), D.C. Code § 2-1401.01 et seq.
(Disability Discrimination)**

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. The District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 et seq., prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of disability, among other traits. It further requires employers to make reasonable accommodations for an individual's disability.

25. At all relevant times, Plaintiff was an employee entitled to protection under the DCHRA.

26. At all relevant times, Defendant was an employer under the DCHRA. Defendant, in violation of the DCHRA, knowingly and intentionally engaged in unlawful discrimination based on Plaintiff's disability.

27.     Plaintiff developed serious health issues after taking the COVID-19 vaccine, as required by Defendant. Plaintiff experienced severe inflammation, itching, and redness on his scalp and body. This condition led to uncontrollable irritation of his skin which caused Plaintiff to engage in almost nonstop scratching to relieve the irritation. Plaintiff's medical condition qualified as a disability under the DCHRA. Defendant was fully aware of his serious medical condition through Plaintiff's disclosures to his supervisors. Specifically, on April 2, 2025, Plaintiff informed his supervisor, Ms. Hotkova, that he was experiencing medical issues.

28.     Defendant's discriminatory treatment of Plaintiff included but was not limited to placing him on a performance improvement plan and then terminating his employment on August 12, 2025.

29.     Defendant had a duty under the DCHRA to engage in the interactive process and provide reasonable accommodations, which could have included adjusting Plaintiff's sales quotas during flare-ups, allowing extended leave, or temporarily reducing client-facing assignments. Defendant failed to offer or even discuss such accommodations.

30.     Defendant placed Plaintiff on a PIP, after returning from short term medical leave and then terminated Plaintiff's employment only weeks after his additional disclosure of his medical condition. Further, Defendant relied upon time in the PIP that covered the periods when Plaintiff had expressed his performance was suffering due to his medical condition and when he was out on short term medical leave, when he did not have any opportunity to cure any deficiencies, as the basis for the termination action. Defendant's actions materially altered the terms and conditions of Plaintiff's employment in violation of the DCHRA.

31.     Defendant had no legitimate business reason for any such acts.

32.     As a direct and proximate result of Defendant's violations, Plaintiff suffered loss

of wages and benefits, humiliation, emotional distress, reputational harm, and ongoing financial hardship.

33.    Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendant may have engaged in other discriminatory and retaliatory practices that are not yet fully known.

**COUNT II**
**Violation of the D.C. Human Rights Act**
**(D.C. Code § 2-1401.01 *et seq*.)**
**Retaliation**

34.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set therein.

35.    The D.C. Human Rights Act prohibits an employer from retaliating against an employee because the individual has opposed practices made unlawful by the Act or requested accommodations. D.C. Code § 2-1402.61

36.    At all pertinent times, Plaintiff was an employee entitled to protection under the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.*

37.    At all pertinent times, Defendant is an employer under the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.*

38.    Plaintiff engaged in protected activity when he informed his supervisor, Ms. Hotkova, on April 2, 2025, and April 3, 2025, that he was experiencing medical issues that was impacting his performance. Plaintiff also engaged in protected activity when he took short term medical leave because of his medical condition. Plaintiff further engaged in protected activity when he provided a written response to the PIP.

39.    Defendant engaged in retaliatory conduct. Specifically, Defendant placed Plaintiff

on a PIP, immediately after returning from short term medical leave and then terminated Plaintiff's employment prior to conclusion of the PIP. Further, Defendant relied upon time that Plaintiff was out on short term medical leave, when he did not have any opportunity to cure any deficiencies, as the basis for the termination action.

40.    Defendant's retaliatory conduct would dissuade a reasonable employee from engaging in protected activity. These retaliatory actions violated the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.*

41.    Defendant had no legitimate business reason for any such acts.

42.    As a direct and proximate result of Defendant's violations, Plaintiff suffered loss of wages and benefits, humiliation, emotional distress, reputational harm, and ongoing financial hardship.

43.    Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendant may have engaged in other discriminatory and retaliatory practices that are not yet fully known.

## COUNT III
### District of Columbia Family and Medical Leave Act,
### D.C. Code § 32-501 et seq. ("D.C. FMLA")
### (Retaliation)

44.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.    The District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 et seq. ("D.C. FMLA") entitles eligible employees to up to 16 weeks of family leave and 16 weeks of medical leave during any 24-month period, including leave related to serious health conditions, prohibits employers from interfering with these rights, and forbids retaliation against employees who

9

exercise them. See D.C. Code §§ 32-502–503.

46.     Plaintiff was eligible for D.C. FMLA leave and exercised this right when he took short-term medical leave in the second quarter of 2025 for treatment of his health condition.

47.     Defendant retaliated against Plaintiff for exercising his D.C. FMLA rights by (1) placing him on a PIP shortly after his return; and (2) terminating his employment on August 12, 2025, less than two months later.

48.     The timing of Defendant's actions, coupled with its stated reliance on performance metrics that were directly impacted by Plaintiff's serious medical condition, demonstrates a retaliatory motive.

49.     Defendant's conduct constitutes unlawful retaliation in violation of the D.C. FMLA.

50.     As a direct result, Plaintiff has sustained lost wages, loss of employment benefits, emotional distress, and reputational damage.

51.     Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendant may have engaged in other discriminatory and retaliatory practices that are not yet fully known.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Young respectfully requests that this Court:

A.     Declare that Defendant's actions violated the DCHRA and the D.C. FMLA;

B.     Enter judgment in favor of Plaintiff and against Defendant;

C.     Issue a permanent injunction prohibiting Defendant from further discrimination and retaliation against Plaintiff for engaging in protected activity;

D.     Award Plaintiff all additional equitable and monetary relief deemed just and proper,

including pre-judgment and post-judgment interest;

      E.     Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs of this action as provided by law;

      F.     Award Plaintiff reimbursement for out-of-pocket medical expenses incurred for dermatological care and prescription treatment; and

      G.     Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims against Defendant.

Date: 12/08/25                    Respectfully submitted,


                                     */s/ David A. Branch*

                                David A. Branch
                                D.C. Bar No. 438764
                                Law Office of David A. Branch & Associates, PLLC
                                1120 Connecticut Avenue, NW #500
                                Washington, DC 20036
                                Phone: (202) 785-2805
                                Fax: (202) 785-0289
                                Email: davidbranch@dbranchlaw.com

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

## INFORMATION SHEET

_____     Case Number: ___2025-CAB-008066_____
Plaintiff(s)

vs                                                    Date: _____

_____     One of the defendants is being sued
Defendant(s)                                          in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Firm Name: | Attorney for Plaintiff |
| | Self (Pro Se) |
| Telephone No.:     DC Bar No.: | Other: _____ |

TYPE OF CASE:     Non-Jury          6 Person Jury          12 Person Jury

Demand: $_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____     Judge: _____     Calendar #:_____

Case No.:_____     Judge: _____     Calendar #:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**CONTRACT**

Breach of Contract
Breach of Warranty
Condo/Homeowner Assn. Fees
Contract Enforcement
Negotiable Instrument

**COLLECTION/INS. SUB**

Debt Collection
Insurance Subrogation
Motion/Application for Judgment by Confession
Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

Breach of Contract
Discrimination
Wage Claim
Whistle Blower
December 10, 2025
Wrongful Termination

---

**REAL PROPERTY**

Condo/Homeowner Assn. Foreclosure          Ejectment          Other
Declaratory Judgment          Eminent Domain          Quiet Title
Drug Related Nuisance Abatement          Interpleader          Specific Performance

**FRIENDLY SUIT**

**HOUSING CODE REGULATIONS**

**QUI TAM**

**STRUCTURED SETTLEMENTS**

---

**ADMINISTRATIVE PROCEEDINGS**

Administrative Search Warrant
App. for Entry of Jgt. Defaulted Compensation Benefits
Enter Administrative Order as Judgment
Libel of Information
Master Meter
Petition Other

Release Mechanics Lien
Request for Subpoena

**MALPRACTICE**

Medical – Other
Wrongful Death

**AGENCY APPEAL**

Dangerous Animal Determination
DCPS Residency Appeal
Merit Personnel Act (OEA)
Merit Personnel Act (OHR)
Other Agency Appeal

**APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

| | |
|---|---|
| **CIVIL ASSET FORFEITURE** | **TORT** |
| Currency | Abuse of Process |
| Other | Assault/Battery |
| Real Property | Conversion |
| Vehicle | False Arrest/Malicious Prosecution |
| **NAME CHANGE/VITAL RECORD AMENDMENT** | Libel/Slander/Defamation |
| Birth Certificate Amendment | Personal Injury |
| Death Certificate Amendment | Toxic Mass |
| Gender Amendment | Wrongful Death (Non-Medical Malpractice) |
| Name Change | |

| | | |
|---|---|---|
| **GENERAL CIVIL** | Product Liability | **STATUTORY CLAIM** |
| Accounting | Request for Liquidation | Anti – SLAPP |
| Deceit (Misrepresentation) | Writ of Replevin | Consumer Protection Act |
| Fraud | Wrongful Eviction | Exploitation of Vulnerable Adult |
| Invasion of Privacy | **CIVIL I/COMPLEX CIVIL** | Freedom of Information Act (FOIA) |
| Lead Paint | Asbestos | Other |
| Legal Malpractice | **MORTGAGE FORECLOSURE** | **TAX SALE FORECLOSURE** |
| Motion/Application Regarding Arbitration Award | Non-Residential | Tax Sale Annual |
| Other - General Civil | Residential | Tax Sale Bid Off |

| | |
|---|---|
| **VEHICLE** | **TRAFFIC ADJUDICATION APPEAL** |
| Personal Injury | |
| Property Damage | **REQUEST FOR FOREIGN JUDGMENT** |

_____                    _____
Filer/Attorney's Signature                                              Date

CV-496/February 2023



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2025-CAB-008066

**Case Style:** Mark Young v. TEGNA Inc.

**INITIAL ORDER**

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 03/13/2026 | 9:30 AM | Remote Courtroom 415 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Julie H Becker.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1)  This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2)  Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3)  Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4)  At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5)  If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6)  Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb415

   Meeting ID: 129 314 3475

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.

4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
**(Click here for more information)**



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**

| **Remote Site – 1** | **Remote Site – 3** |
|---|---|
| Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 |



| **Remote Site – 2** | **Remote Site – 4** |
|---|---|
| Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

\*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call:  202-879-1900
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.

| | |
|---|---|
| **Sito Remoto – 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington. DC 20003 | **Sito Remoto – 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington. DC 20002 |



| | |
|---|---|
| **Sito Remoto – 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington. DC 20020 | **Sito Remoto – 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington. DC 20018 |

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***
1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

IN THE SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **MARK YOUNG** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No. 2025-CAB-008066** |
| | ) | |
| v. | ) | |
| | ) | |
| **TEGNA, INC.** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT**

I, David A. Branch, hereby swear the following:

1.     I am counsel of record in this matter for Plaintiff Mark Young, and I maintain a business office at 1120 Connecticut Ave NW, Suite 500, Washington, D.C. 20036.

2.     After the Complaint was filed in Court and returned to our office, I caused the Summons and Complaint in this matter to be served on TEGNA, Inc. located at 8350 Broad Street Tysons, Virginia 22102 via electronic mail. The Summons and Complaint were delivered on January 6, 2026 at 3:17 PM ET.

3.     A copy of the electronic mail receipt and delivery confirmation on January 6, 2026, is attached as Exhibit A to this affidavit.

4.     I hereby certify that the foregoing statement is true and correct under penalty of perjury.


_____*/s/ David A. Branch*_____          _____January 7, 2026_____
David A. Branch                                                      Date

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2026, the

the foregoing was served electronically on all counsel of record.


*/s/ David Branch*

David A. Branch
D.C. Bar No. 438764
Law Offices of David A. Branch &
Associates, PLLC
1120 Connecticut Avenue, NW
Suite 500
Washington, D.C.
Phone: (202) 785-2805

# EXHIBIT A

 **Outlook**

---

### Mark Young v. TEGNA, Inc. – Service of Complaint and Summons

**From** Kaylin Daigle <info@dbranchlaw.com>

**Date** Tue 1/6/2026 3:17 PM

**To** KGrossenbacher@seyfarth.com <KGrossenbacher@seyfarth.com>

**Cc** David Branch <davidbranch@dbranchlaw.com>; AiyanaEdwards <AiyanaEdwards@dbranchlaw.com>

📎 1 attachment (3 MB)
EPAK.pdf;

Dear Ms. Grossenbacher,

Thank you for your email.

Attached please find the Complaint and Summons for service in case number 2025-CAB-008066, along with the Court's Initial Order.

Best,

Kaylin Daigle
Legal Assistant
Law Office of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, NW

Suite 500
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax

NOTICE: This correspondence contains confidential and privileged information intended for the sole use of the addressee. Any use or dissemination of the contents or metadata by someone other than that individual or its agent is prohibited. If you are not the addressee, please notify the sender immediately and delete the correspondence and any attachments.

---

**From:** Grossenbacher, Karla <KGrossenbacher@seyfarth.com>
**Sent:** Sunday, December 14, 2025 10:39 AM
**To:** David Branch <davidbranch@dbranchlaw.com>
**Subject:** FW: Legal Correspondence for Mark Young

Hello,

This Firm represents TEGNA, Inc. in the lawsuit filed by your client, Mark Young.  Please direct all future correspondence in this matter to my attention.

We are willing to accept service of the complaint, but since I will be out for the holidays from Dec. 23 through Jan. 2, can we make the effective date of acceptance of service January 5?

This will save the need for filing something to extend the time to respond.

Please let me know if that works.